# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHIC HENDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:23-CV-00166 |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLIANT

COMES NOW, Chic Henderson, hereinafter "Plaintiff," files this First Amended Petition against Defendant Wells Fargo Bank, N.A., hereinafter "Defendant," and would respectfully show the Court as follows:

1. This case was originally filed in the 117th District Court of Nueces County, Texas. Defendant removed the case on July 7, 2023, asserting this Honorable Court's jurisdiction pursuant to 28 U.S.C. § 1332.

## I. PARTIES

2. Plaintiff, Chic Henderson, is an individual whose address is 229 Bayshore Dr., Corpus Christi, Texas 78412, who by be served by his attorney of record, Quezada, Larmond & Brignac, P.C., 106 E. Willowick Ave, Friendswood, Texas 77584.

3. Defendant, Wells Fargo Bank, N.A. is a national association organized under the laws of the United States of America and may be served with process by serving its attorneys of record, Mcguirewoods LLP, 2000 Mckinney Avenue, Suite 1400, Dallas, Texas 75201.

## II. JURISDICTION

4. This Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff seeks an amount of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

5. Venue in Nueces County is proper pursuant to section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### III.    FACTS

6. Plaintiff is a consumer of Defendant's financial services and has held deposits of accounts and conducted financial transactions with Defendant for over 20 years. More specifically, Plaintiff holds a joint savings account and personal checking account with Defendant.

7. On June 7, 2022, Plaintiff authorized Defendant to internationally wire transfer $199,000.00, hereinafter "the Wire," from his Wells Fargo personal checking account. Defendant initiated the Wire pursuant to Plaintiff's Outgoing Wire Transfer Request. *See* Exhibit A. The availability date of the receipt of funds to the beneficiary was June 14, 2022. *See* Exhibit B.

8. That same day, Plaintiff communicated a cancellation of the Wire to Defendant pursuant to Defendant's Outgoing Consumer International Wire Transfer Notice of Error Resolution and Cancellation Rights. *See* Exhibit C. At that time of cancelation, the funds had not been accepted by the beneficiary or the beneficiary Bank; nor picked up or deposited into beneficiary account.

9. In the days that followed, Plaintiff continued to make multiple requests that Defendant cancel the Wire and Defendant continued to refuse to do so. Plaintiff continued to escalate the problem with Defendant and a cancellation was initiated several days later.

10. Despite Defendant's representation that the Wire could not be cancelled, it could have been cancelled, and Defendant failed to make best efforts to issue a cancellation and refund Plaintiff's account.

11. On July 6, 2022, Defendant communicated to Plaintiff, that Defendant had cancelled the wire, recovered his funds, and that his account would be refunded within the next day or so. Plaintiff relied on this representation. However, the Wire was never cancelled, and the transaction went through.

12. Despite Defendant's representation that the Wire had been cancelled, it had not been, and Plaintiff has not been refunded his money. Defendant has failed to make its best efforts to issue the refund.

## IV.   CAUSES OF ACTION

### A.   Failure To Cancel Wire Transfer Pursuant To Texas Business And Commerce Code Chapter 4a

13. Plaintiff would show that Defendant had control of both Plaintiff's funds and Defendants employees who initiated and failed to cancel the wire. Plaintiff would show that Defendant had a legal duty to cancel the Wire pursuant to Chapter 4A of the Texas Business and Commerce Code.

14. Plaintiff would show that Defendant received notice of cancelation prior to the Wire acceptance by beneficiary bank and deposit into beneficiary account.

15. Plaintiff would show that the communication of cancellation to Defendant was effective to cancel as Defendant received it at a time and in a manner affording Defendant a reasonable opportunity to act on the communication before acceptance of beneficiary bank.

16. Plaintiff would show that Defendant's failure to execute the Wire cancelation when communicated, Plaintiff was damaged.

### B. Breach of Contract

17. Plaintiff would show he had a valid and enforceable contract with Defendant. Plaintiff and Defendant had a valid user and funds transfer agreement. As a customer of Defendant, who held accounts with Defendant, Plaintiff would further show that he performed on the contract by maintaining an active account and complying with the requirements for an active account, and Defendant breached their individual contract.

18. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinabove, and for which Plaintiff hereby sues.

19. Further, Defendant had an obligation of good faith in performance of a contract pursuant to Section 1.304 of the Texas Business and Commerce Code. When Defendant accepted the instructions for and initiate the Wire, it had an obligation to cancel the Wire in good faith and take reasonable efforts to recall the Wire and safeguard Plaintiff's funds.

### C. Negligence

20. Plaintiff would show that Defendant had a legal duty to safeguard Plaintiff's funds during the Wire. It also had a duty to ensure all security measures were in place and effective during the Wire. In addition, Defendant had duties to Plaintiff pursuant to Chapter 4A of the Texas Business and Commerce Code. Further, In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty to exercise ordinary care to protect Plaintiff's funds held in deposit and initiate timely cancellation and/or recall of the Wire.

21. Plaintiff would show that these duties are foreseeable, Defendant had superior knowledge of the risk, Defendant's burden to guard against the injury in minimal, and Defendant had control over both Plaintiff's funds and its employees who initiated the Wire and had the authority to cancel the Wire.

22. Defendant breached that duty by failing to timely "cancel" the Wire once it had noticed from Plaintiff. It further breached that duty by failing to comply with all safety and security procedures.

23. Plaintiff would show that Defendant failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully herein, for which Defendant is liable to Plaintiff.

### D.   Negligent Misrepresentation

24. Plaintiff would show that Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiff in the transactions described hereinabove. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information.

25. Plaintiff would show that Defendant made the representation in the course of Defendant's business that the Wire had been recalled. Defendant provided false information for Plaintiff's guidance, in that it represented that the Wire had been recalled, Plaintiff funds recovered, and those funds would be refunded in Plaintiff's account.

26. Defendant did not use reasonable care in communicating that information as Defendant failed to keep Plaintiff appraised of its efforts to recall the wire, failed to keep Plaintiff

appraised of its effort with beneficiary's bank, failed to communicate with Plaintiff regarding the status of the funds, and failed to communicate with beneficiary's bank to get this matter resolved.

27. Plaintiff justifiably relied on Defendant's representation that the wire had been recalled, the funds were recovered, and it was working diligently to deposit a refund. Plaintiff relied on the representation that Defendant was using its best efforts to recall the funds that had been wired.

28. Plaintiff avers that Plaintiff suffered pecuniary loss that was proximately caused by Plaintiff's justifiable reliance on such information hereinabove.

### E.   Deceptive Trade Practices

29. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, <u>et seq</u>.), as alleged herein below.

30. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree when it communicated to Plaintiff that the wire could not be canceled. Defendant knew that information to be false.

31. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages.

## V.   DAMAGES

### A.   Economic and Actual

32. Plaintiff is entitled to damages in the amount of actual damages, consequential damages, including out of pocket expenses incurred in connection with the transaction.

### B. Damages For Mental Anguish

33. Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

34. As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

### C. Multiple Damages

35. As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

36. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

37. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### D. Exemplary Damages

38. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## VI.   ATTORNEY'S FEES

39. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## VII.   CONDITIONS PRECEDENT

40. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## VI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Chic Henderson, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages in the amount proven at trial, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

QUEZADA, LARMOND & BRIGNAC, P.C.

By: *\s\ Phillip S. Larmond*
    Phillip S. Larmond
    Texas Bar No. 24081834
    Federal Id. No. 2823705
    Email: phillip@qlblawfirm.com
    Carlos Quezada
    Texas Bar No. 24066441
    Email: carlos.quezada@qlblawfirm.com
    106 E. Willowick Ave
    Friendswood, Texas 7754677401
    Tel. (346) 271-8313
    Fax. (346) 271-8314
    Attorneys for Plaintiff
    Chic Henderson

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, a true and correct copy of the foregoing was served via the Court's electronic filing and notification system on counsel of record.

    *\s\ Phillip S. Larmond*
    Phillip S. Larmond